IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH M. MOTT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-0231 |
| ACCENTURE, LLP, | * | |
| Defendant. | * | |

*****

**MEMORANDUM OPINION**

Pending in this employment action is Plaintiff's motion to remand (ECF No. 20) and motion to stay (ECF No. 22) and Defendant's motion to dismiss (ECF No. 18). A hearing was held on July 28, 2017 on all three motions, but only the motion to remand is addressed in this opinion. The motion to dismiss and the motion to stay are addressed in a separate Order. For the reasons stated below, the motion to remand is denied.

**I.      BACKGROUND**

Plaintiff Joseph M. Mott is a 63-year-old male of American national origin who brings this Complaint for age, gender, and national origin discrimination against Defendant Accenture, LLP. Compl., ECF No. 2 at 1–3. From December 3, 2014 until the fall of 2016,[1] Defendant employed Mott as an attorney responsible for analyzing regulatory risk and compliance requirements in the company's healthcare division. *Id.* at 3, 18. Mott worked remotely from his home in Bethesda, Maryland. *Id.* at 2.

Mott's Complaint alleges that in February 2015, approximately two months into his employment, his colleagues began making hostile, derisive, and dismissive comments toward

---

[1] The exact date of Plaintiff's termination is unclear.

1

him, complaints about which went unheeded. Instead, Plaintiff claims that Defendants retaliated by terminating him abruptly on or about September 14, 2016 and without following its own disciplinary protocol. *See generally* Compl., ECF No. 2.

On December 22, 2016, Mott filed his seven-count complaint in the Montgomery County Circuit Court alleging age discrimination (Count I), national origin discrimination (Count II), gender discrimination (Count III), discrimination based on mixed motives (Count IV), and retaliation (Count V) in violation of Montgomery County Code § 27-19, as well as a wrongful discharge under Maryland common law (Count VI) and a claim for an unpaid bonus in violation of Maryland's Wage Payment & Collection Act (Count VII). The case was removed to this Court on January 25, 2017. ECF No. 1.

Defendant Accenture, LLP filed a Motion to Dismiss on February 17, 2017. ECF No. 18. Before responding to the motion to dismiss, Plaintiff moved to remand his case to the Circuit Court for Montgomery County, Maryland, asserting that diversity jurisdiction is lacking because both he and Defendant are Maryland citizens. ECF No. 20. Plaintiff also moved to stay further briefing on Defendant's Motion to Dismiss. ECF No. 22.  This opinion will only address Plaintiff's motion to remand.

**II.   ANALYSIS**

Title 28 U.S.C. § 1441 authorizes the removal of civil actions from state to federal court when the state-court action is one that could have been brought originally in federal court. When federal-court jurisdiction is predicated on the parties' diversity of citizenship, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." 28 U.S.C. § 1441(b). The burden of demonstrating jurisdiction resides with the party seeking removal. *Maryland Stadium Auth. v.*

*Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (internal citation and quotation marks omitted).

In his Complaint, Plaintiff identifies Defendant as "an Illinois limited liability partnership." Compl., ECF No. 2 at 2. Defendant confirmed this status in its Notice of Removal. ECF No. 1 at 2. Foreign limited liability partnerships are required by Maryland law to register with the Maryland State Department of Assessments and Taxation ("SDAT") before conducting business in the state. *See* Md. Code Ann., Corps. & Ass'ns § 9A-1101 (West).[2] Specifically, Section 9A-1101(a) provides that, "Before doing any interstate, intrastate, or foreign business in this State, a foreign limited liability partnership shall register with the Department." Among other information, such registration must set forth "[t]he address of the office required to be maintained in the state of its organization by the laws of that state or, if not so required, of the principal office of the foreign limited liability partnership." *Id.* at § 9A-1101(6).

Plaintiff first argues that Defendant has conceded its Maryland citizenship by listing a Maryland location for its "principle office" in its required SDAT registration pursuant to Md. Code Ann., Corps. & Ass'ns § 9A-1101. ECF No. 20-1 at 5–6. This evidence, without more, is insufficient. No law suggests that the term "principal office" as used in Section 9A-1101 is the same as a limited liability company's principal place of business for diversity purposes. *Cf. Streeter v. SSOE Sys.*, No. WMN09CV01022, 2009 WL 3211019, at *5 (D. Md. Sept. 29, 2009) ("[T]here is nothing within the law that would indicate that the principal office in Maryland is the same as the Corporation's principal place of business for diversity purposes."); *Trans/Air Mfg. Corp. v. Merson*, 524 F. Supp. 2d 718, 723 (D. Md. 2007) ("There is a fundamental

---

[2] Plaintiff incorrectly cites Md. Code Ann., Corps. & Ass'ns § 10-901 *et seq.* as the provision requiring registration of limited liability partnerships, but this statute applies to "foreign limited partnerships." § 9A-1101, in contrast, addresses "foreign limited liability partnerships" specifically. The relevant language of the two provisions is identical.

difference, however, between a corporation's principal office within a state and its *principal place of business* for purposes of 28 U.S.C. § 1332.") (emphasis in original). In fact, Defendant never described its Maryland office as its "principle" office. The screenshot of Defendant's information with SDAT indeed lists a business location in Maryland, but nowhere is it described as a "principle office," ECF No. 20-3 at 10. Rather, Accenture LLP "is in good standing as a domestic limited liability partnership in the State of Illinois, having fulfilled all requirements of the [Illinois Uniform Partnership Act]" as of March 2, 2017. ECF No. 23 at 7; ECF No. 23-1 at 5. *See* Affidavit of Ronald J. Roberts, Accenture LLP's Geographic Operations Counsel and attached exhibits. Roberts Aff., ECF No. 23-1. No evidence exists that either are citizens of Maryland, and so diversity jurisdiction is proper.

Plaintiff next contends that in Maryland, citizenship of a limited liability corporation is governed by domiciliary, and domicile requires physical presence coupled with intent to make the state a home. *See* ECF No. 20-1 at 4–5 (citing *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)). He argues that Defendant's listing of a Maryland address as its principal office in its SDAT filing evidences its intent to make Maryland its home. *See* ECF No. 20-1 at 5, 7. But rather than being determined merely by "domiciliary," the citizenship of limited liability partnerships is governed by the citizenship of the LLP's members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *Haak Motors LLC v. Arangio*, 670 F. Supp. 2d 430, 432 n.1 (D. Md. 2009). Accenture LLP's two members are Accenture Inc. and Accenture LLC, and neither are citizens of Maryland. Accenture Inc. was incorporated in Delaware, and Accenture LLC is wholly owned

by Accenture Sub, Inc., another Delaware corporation. ECF No. 1 at 2.[3] The citizenship of these corporate members is determined by their state of incorporation and their principal places of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010).

Plaintiff alternatively argues that Accenture LLP "improperly masks the true nature of its corporate structure" because Accenture LLP is a "wholly-owned subsidiary of Accenture plc, a publicly traded company" that has been "transitioning its overall business structure to a corporation since 2001." ECF No. 20-1 at 7–9. Plaintiff looks to Accenture plc's 10-k filing with the Securities and Exchange Commission which lists the Defendant as its subsidiary. ECF No. 20-1 at 9.

No evidence supports Plaintiff's contention sufficient to treat Accenture LLP as one and the same with Accenture plc such that the diversity analysis is driven by the citizenship of Accenture plc.  But even if the Court did consider the citizenship of Accenture plc, diversity is still proper. It is fundamental that a corporation's citizenship is determined by its state of incorporation and its principal place of business or "nerve center." *Hertz*, 559 U.S. at 93. The "principal place of business" is the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Id.* at 79. Accenture plc was incorporated in Delaware, and its nerve center (as is Accenture LLP's) is located in Illinois, "where its officers direct, control and coordinate its activities." ECF No. 23 at 11; *see also* ECF No. 23-1 at 1–2. Thus,

---

[3] The Court notes that insufficient statements of citizenship in a notice of removal may be cured by amendment even after expiration of the 30-day period to challenge removal. Accordingly, the Court considers the information included in the later-filed affidavits. *See Schaftel v. Highpointe Bus. Trust*, 11-cv-2879, 2012 WL 219511 at *2 (D. Md. 2012) ("[w]hile the notice cannot be amended to assert new grounds for removal after the expiration of the 30-day period for removal, most courts will allow amendment to correct an imperfect statement of citizenship.") (citing 28 U.S.C. § 1653 (permitting defective allegations of jurisdiction to be amended) *and Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230 (W.D.N.C. 2008) (holding that failure of defendant limited liability company to allege the citizenship of its members in notice of removal was a mere technical defect in pleading subject to amendment)).

Accenture plc may be a citizen of Delaware and/or Illinois, but no evidence supports that it is a citizen of Maryland.

Plaintiff finally challenges the sufficiency of Defendant's Local Rule 103.3 disclosure because it did not disclose Accenture plc as "any parent or other affiliate of a corporate party and the description of the relationship between the two parties and such affiliates" or "the identity of any corporation . . . not a party to the case, which may have any financial interest . . . in the outcome of the litigation." ECF No. 20-1 at 10–11.  Errors in a Rule 103.3 disclosure, however, while troubling, do not compel remand. This is especially so where Defendant supports the propriety of diversity jurisdiction through affidavits and exhibits. *See* Roberts Aff., ECF No. 23-1. *Goode v. STS Loan & Mgmt., Inc.*, No. DKC 2004-0999, 2005 WL 106492, at *5 (D. Md. Jan. 14, 2005) (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830 (1989)) (allowing a plaintiff to correct insufficient allegations of diversity jurisdiction with additional evidence where the original defect was merely technical). Accordingly, Plaintiff provides no ground to support remand.

### III.   CONCLUSION

The Court finds that diversity jurisdiction is satisfied, and Plaintiff's Motion to Remand is denied. A separate order follows.

7/31/2017                                                /S/
Date                                                         Paula Xinis
                                                          United States District Judge